# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KAREN FAYE JOHNSON**                                                **PLAINTIFF**

                                                                                **NO. 3:18CV00085-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held February 21, 2019, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. First, the ALJ erroneously rejected certain medical opinions of the claimant's treating orthopedic specialist, Dr. James Varner. There was no other examining medical opinion in the record controverting Dr. Varner's opinion regarding limitations on the claimant's ability to lift/carry and stand/walk and regarding her need to shift positions at will from sitting, standing, or walking. Furthermore, the ALJ failed to give any reason whatsoever for rejecting Dr. Varner's opinion regarding these specific limitations. Second, the ALJ failed to properly consider the medical opinion of Dr. Timothy Callaghan, a consultative examiner. There is no discussion of Dr. Callaghan's examination report in the ALJ's decision.

Nor did the ALJ assign any weight to opinions expressed by Dr. Callaghan in his report. Indeed, Dr. Callaghan's findings regarding the claimant's knees and left shoulder support to a large degree the foregoing limitations assessed by Dr. Varner.

On remand, the ALJ must reconsider the claimant's physical impairments and issue a new decision.[1] The ALJ must recontact Dr. Callaghan and obtain a function-by-function assessment of physical RFC from said physician. If necessary, the ALJ must order a new consultative examination of the claimant and obtain a function-by-function assessment of physical RFC from the examining physician. The ALJ may also seek the assistance of state agency physicians, who must review the entirety of the medical evidence before giving any opinion on physical RFC. Finally, if necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform in view of all relevant vocational factors and her physical and mental impairments.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED in part and REMANDED for further proceedings.**

This, the 25th day of February, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] The ALJ's findings and conclusions with regard to the claimant's mental impairments are affirmed and shall be incorporated into the new decision.